Dear Representative Pratt:
I am in receipt of your request for an Attorney General's opinion concerning the discretion a school board has in allowing a student that has been suspended to complete make-up work during the time the student was suspended. Specifically, you ask:
 Is it lawful for a public school board in Louisiana to permit a student to complete make-up work where the student has been suspended for less than ten days?
LSA-R.S. 17: 416 addresses the discipline of pupils in school and specifically deals with suspensions and expulsions. LSA-R.S.17:416(A)(1)(c)(i) states the following in reference to removing a student from a classroom:
 When a pupil's behavior prevents the orderly instruction of other pupils, or poses an immediate threat to the safety or physical well being of any pupil or teacher, or when a pupil exhibits disrespectful behavior toward the teacher such as using foul or abusive language directed at a teacher or threatening a teacher, the teacher may have the pupil immediately removed from his classroom and placed in the custody of the principal or his designee. A pupil removed from the classroom pursuant to this Subparagraph shall not receive credit for school work missed. (Emphasis added).
This provision would prevent the pupil from receiving credit for school work missed due to his initial removal from the classroom.
After the initial removal from the classroom, the pupil may not be readmitted until the principal has implemented some specific disciplinary measure. LSA-R.S. 17:416(A)(1)(c)(iii). One of the disciplinary measures is an in school suspension. LSA-R.S.17:416(A)(1)(c)(iii)(aa). Pupils who participate in an in school suspension may receive credit for work performed during the in school suspension. LSA-R.S. 17:416(A)(2)(a)(i). As the language is permissive, the local board may decide otherwise.
Another disciplinary measure is a suspension. LSA-R.S.17:416(A)(1)(c)(iii)(cc). The law states that a pupil who is suspended shall receive no credit for school work missed while the pupil is suspended. LSA-R.S. 17:416(A)(3)(e). However, as a separate disciplinary measure, the principal may require the completion of all assigned school and homework which would have been assigned and completed by the student during the period of suspension. LSA-R.S. 17:416(A)(1)(c)(iii)(ff).
You state that another school board is assigning make-up work to students who have been suspended for less than ten days. You also state that this school board contends they are authorized to do so pursuant to LSA-R.S. 17:416.2. LSA-R.S. 17:416.2(A) provides the following:
 Effective July 1, 1995, and thereafter and except as otherwise provided by Subsection B of this Section, any student suspended or expelled from school pursuant to the provisions of R.S. 17:416
shall remain under the supervision of the governing authority of the school system taking such action using alternative education programs for suspended and expelled students approved by the State Board of Elementary and Secondary Education; however, no school system shall be liable for any student attending an alternative education program at a location other than a school site.
However, LSA-R.S. 17:416.2G states:
 The provisions of this section shall not be applicable to any student suspended for up to ten days.
Therefore, this section is only applicable to suspensions exceeding ten days in length that occur after July 1, 1995.
In sum, a pupil shall not receive credit for school work missed due to his initial removal from the classroom. The statute is silent concerning requiring the pupil to nevertheless complete the work prior to allowing readmission. It is within the local boards discretion to either allow or not allow credit for work performed during the in school suspension. A pupil shall not receive credit for school work missed while he is suspended for up ten days. The principal may nevertheless require the completion of all assigned school and homework which would have been assigned and completed by the student during the period of suspension prior to allowing readmission.
I hope this opinion has sufficiently addressed your concerns. If I may be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ JAMES C. HRDLICKA ASSISTANT ATTORNEY GENERAL
RPI/JCH:lrs